IN THE SUPREME COURT.    105

Ball *v.* Peck.    Shipley *et al. v.* Spencer.

## BALL *v.* PECK.

### (April Term, 1867.)

MR. T. L. DICKEY, for the plaintiff in error, remarked to the court that a rule upon the plaintiff to file abstracts in this cause expired two days ago, and asked if he could file them now.

---

## SHIPLEY *et al. v.* SPENCER

### (November Term, 1864.)

1. EXPIRATION OF RULE — *party not necessarily in default.* The mere expiration of a rule to join in error does not put the defendant in default. Until he is actually put in default by motion for that purpose, he may join in error, or interpose any proper motion, at any time, even after the expiration of the rule.

2. STAMP *on transcript of record — may be attached nunc pro tunc.* On a motion to dismiss an appeal because there was no revenue stamp on the clerk's certificate to the transcript, the stamp was allowed to be attached at the time of the motion, and the motion was denied.

3. CONTINUANCE — *for purpose of amendment.* Where it is shown that there is a material discrepancy between the judgment appealed from, as entered of record, and the judgment actually pronounced by the court, a continuance of the cause will be allowed in this court, at the instance of the appellee, who was the plaintiff below, to enable him to apply to the court below to correct the entry.

4. SAME — *after expiration of a rule to join in error.* And such continuance was allowed upon application made after a rule to join in error had expired, and notwithstanding a cross motion by the appellant for a reversal for nonjoinder in error.

5. Costs — *on continuance to amend the record.* Where a continuance is granted in this court to enable the appellee to obtain an amendment of the record in the court below, he will be required to pay the costs of the term.

6. Same — *where error is removed by amendment.* Where the plaintiff below obtained a judgment, which was incorrectly entered, and the defendant appealed therefrom, if the appellee obtains a continuance in this court for the purpose of having his judgment corrected in the court below, and procures such an amendment as removes the error complained of, he must pay the entire costs of the proceedings in this court.

Writ of Error to the Circuit Court of Washington county.

Mr Hosmer, for the defendant in error, moved the court to dismiss this cause from the docket, upon the ground that there is no revenue stamp upon the certificate of the clerk of the court below to the transcript of the record.

Mr. Nelson, for the plaintiff, said that, on yesterday, he took a rule upon the defendant to join in error, which rule having expired, he entered his cross motion for a reversal for non-joinder.

Per Curiam: The rule to join in error has expired, it is true, but the defendant is not, therefore, necessarily in default. He might have been put in default at any time after the expiration of the rule, by motion on the part of the plaintiff for that purpose. Until that is done, he may join in error or interpose any proper motion, at any time, even after the expiration of the rule. The defendant's motion is in apt time.

Mr. Nelson then asked leave to attach to the certificate of the clerk a revenue stamp *nunc pro tunc,* should the court deem that necessary to be done.

Per Curiam: The counsel may attach a revenue stamp to the certificate, and cancel the same *nunc pro tunc.* The defendant's motion to dismiss the cause will be denied.

The stamp being attached, the court suggested to the counsel for the defendant that he was under a rule to join in error.

Mr. HOSMER, for the defendant, thereupon moved the court for a continuance of the cause upon the ground that the judgment in the court below was incorrectly entered of record by the clerk, as shown by an affidavit on file and the minutes of the judge.

He desired a continuance of this cause, that he might apply to the court below for a correction of the erroneous entry of the clerk, and asked the award of a writ of *certiorari.*

Mr. NELSON again insisted upon his cross motion for a reversal of the judgment for non-joinder in error.

Per CURIAM: From the affidavit and minutes of the judge below, a certified copy of which is before us, there appears to be a fatal discrepancy between the judgment actually pronounced and that which was entered of record by the clerk. The cause will be continued to give the defendant here, who was the plaintiff below, an opportunity to apply to the Circuit Court for the correction of the entry, and a writ of *certiorari* will be awarded, that the record, when amended, may be brought here.

The continuance is allowed upon the defendant's paying the costs of the present term; and, should he, upon his application to the court below, obtain such correction of the record as will remove the errors complained of, he will be required to pay the entire costs of the proceedings in this court. It was the duty of the plaintiff below to see to it that his judgment was correctly entered of record.

*Certiorari awarded and cause continued.*