JACOB GLOS *et al.*

*v.*

SARAH A. RANDOLPH.

*Filed at Ottawa November 26, 1889.*

PRACTICE IN THE SUPREME COURT—*transcript of record—authentication.* The statute (Rev. Stat. chap. 110, sec. 73,) requiring an authenticated copy of the records of decrees, judgments and orders appealed from to be filed in the office of the clerk of the Supreme Court on or before the second day of the succeeding term of that court, is not complied with by filing within the proper time what purports to be a transcript, but which contains no certificate of the clerk of the trial court that it is a transcript of the record in the case appealed from.

APPEAL from the Circuit Court of Du Page county; the Hon. C. W. UPTON, Judge, presiding.

Mr. H. S. McCARTNEY, for the appellants.

Mr. THOMAS S. McCLELLAND, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal to reverse a decree of the circuit court of Du Page county, rendered in a proceeding instituted by appellee to set aside a tax deed which was alleged to be a cloud on the title of appellee in and to the premises in controversy.

Two grounds are relied upon in the argument to reverse the decree: First, that appellee failed to prove that the premises were vacant, as alleged in the bill; and second, appellee failed to prove that she was the owner of the premises. Neither of the questions relied upon can be considered on this appeal. What purports to be a transcript of the record of the circuit court contains no certificate from the clerk of the circuit court that it is a transcript of the record in this or any other case. Section 73, chapter 110, of the Revised Statutes of 1874, provides that authenticated copies of records of decrees, judgments and orders appealed from, shall be filed in the office of the clerk of the Supreme Court on or before the second day of the succeeding term of the court. Here, the appeal was taken on the 29th day of March, 1889, and as no authenticated copy of the record was filed on or before the second day of the succeeding term,—the October term, 1889,—the appeal must be dismissed. *Hosmer* v. *The People,* 96 Ill. 58, if authority is needed, is a case in point.

*Appeal dismissed.*