Nathan Mathes, Appellee, v. William Barr Lumber Company et al. William Barr Lumber Company, Appellant.

Opinion filed March 2, 1928.

F. A. REISNER, for appellant.

No appearance for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Judgment was rendered against appellant, in the trial court, on December 28, 1927. Under section 100 of the Practice Act as amended in 1927, Cahill's St. ch. 110, ¶ 100, appellant should have filed a transcript of the record in the office of the clerk of this court on or before twenty (20) days before the first day of the present term. No transcript of the record was filed within the time fixed by the statute. Appellant presented a motion, supported by affidavit, for an extension of time within which to file a complete transcript, but when that motion was presented no transcript had been filed.

The law is well settled that one desiring an extension of time to file a transcript of record on appeal should file enough of the transcript to show a final judgment or decree and an appeal therefrom perfected upon which the court in term time, or one of the justices in vacation, may, for good cause, grant an extension to file the full transcript. *Fonda v. Jackson*, 203 Ill. 113; *Cook v. Cook*, 104 Ill. 98.

When appellant found that it would be unable to file a full and complete transcript of the record within the statutory time it should have procured a short record and asked for an extension of time before the statutory period had expired. That was not done and for that reason the motion was denied. Appellant now moves the court to set aside the order denying its former motion. It is suggested that the former motion and the affidavit in support thereof constituted a sufficient short record to give this court jurisdiction. We cannot agree with that contention. The statute requires an authenticated transcript of the record. Authentication by a certificate of the clerk of the trial court is essential under the section of the statute in question. *Glos v. Randolph*, 130 Ill. 245. Appellant also suggests that an appeal allowed by the trial court

is, in contemplation of law, pending in the appellate tribunal the moment the appeal bond is executed and filed with the clerk of the trial court. While that is true, yet an appeal is not perfected in this court until an authenticated transcript of the record is filed within the statutory period or an extension of time is procured in the manner above indicated and before the expiration of the statutory period, and the transcript is filed within such extended period. Appellant's motion to set aside the order of this court is denied for the reasons aforesaid, but appellant is granted leave to withdraw the transcript of the record now on file and to refile the same as a return to a writ of error. The appeal, however, is dismissed at appellant's costs.

*Appeal dismissed.*