**S. J. Gee, Trustee, Interpleader, v. Geo. C. Hoeppner et al., Appellees, v. First National Bank of Lawrenceville, Illinois et al., Appellants.**

Opinion filed September 19, 1932.

SHAW & HUFFMAN, for appellants.

LINDERMAN, RAMSDELL & KING and SUMNER & LEWIS, for appellees.

FRED W. GEE, for S. J. Gee, trustee.

MR. JUSTICE FULTON delivered the opinion of the court.

S. J. Gee, trustee, filed a bill of interpleader in the circuit court of Lawrence county against two sets of defendants. He had been the holder of certain oil and gas leasehold estates as trustee for the benefit and protection of two classes of creditors. One set of creditors held several notes, secured by trust deed, which was a first lien on the premises and this class of creditors is designated in this opinion as "noteholders."

The other set of creditors held a number of bonds secured by another trust indenture, which was in effect a second mortgage, and this class of creditors is designated herein as "bondholders."

The trustee had sold these properties and had in his hands for distribution the sum of $17,024.87, which sum was claimed by both the noteholders and the bondholders. The bill of interpleader was brought by the trustee to determine the rights of the conflicting parties in the fund remaining in his hands.

There were $14,000 in unpaid notes bearing interest since July 15, 1922, and $18,500 in unpaid bonds, so that in either case there was not enough funds to pay either class of claimants in full. On August 21, 1928, the circuit court of Lawrence county rendered a decree which in effect was in favor of the "bondholders" and denied any participation in the fund on the part of the "noteholders." The "noteholders" prayed an appeal from this decree but failed to prosecute the same and it was dismissed by this court on December 24, 1928, with *procedendo*. Several months later the so-called "noteholders" prosecuted a writ of error to this court without procuring a supersedeas or stay order of any kind, and were successful in securing a reversal of the decree of the circuit court entered on August 21, 1928. In effect, this court, by its order, directed that the "noteholders" as a class were entitled to the fund and that the "bondholders" were not entitled to participate in the same. The remanding order directed the circuit court to enter a decree ordering the trustee, Gee, to pay certain costs and compensation to himself as trustee, "and that the balance of said fund be paid to the holders of the five notes with interest in order of their maturity, less any amount shown to be paid on any of such notes, provided that if such balance is not sufficient to pay all of said notes with interest, then that he distribute said balance pro rata among the

owners of said notes; that if a balance remains in his hands after paying said notes in order of their maturity, as aforesaid, that he distribute such latter balance among the bondholders pro rata."

When the cause was reinstated in the circuit court and before any action was taken to carry out the remanding order, the trustee, S. J. Gee, asked for leave to file a supplemental bill for the purpose of calling the attention of the court to matters which had transpired since the entry of the original decree on August 21, 1928, and praying for additional relief. The material allegations of the supplemental bill set forth that after the appeal had been prayed for from the original decree by the "noteholders" and after the dismissal of the same with *procedendo* by this court on December 24, 1928, the "bondholders," including the present appellants, demanded that the trustee carry out the decree of the circuit court; that the trustee had done so and disbursed the entire fund and paid it into the hands of the "bondholders," all of whom were parties to the suit; that the court should require each of the persons who had benefited by the erroneous decree to make restitution in order that the parties rightfully entitled to the fund might receive the benefits therefrom. Appellants and appellees all objected to the filing of the supplemental bill, but the same were overruled and the supplemental bill filed. Proofs were taken and a new decree entered from which appellants have prosecuted this appeal and cross errors have been assigned by appellees.

The new decree which appellants now seek to reverse ordered the appellants to make restitution of the amounts which they had erroneously received and to pay the same in to the hands of the clerk of the circuit court; that the clerk of the circuit court should enter into bond conditioned that he would hold the money until such time as it might be paid over to the parties

to whom this court had ordered it paid. The proofs sustained the allegations of the supplemental bill.

Appellants urge that the whole procedure taken in this case, after the mandate of this court was filed in the circuit court, has been so widely at variance with the specific directions of this court that the' decree as it now stands should be reversed. They insist that the court has erred in granting the trustee leave to file the supplemental bill, to take additional evidence and to enter a new and original decree. The authorities cited by counsel, *Trustees of Schools v. Hoyt,* 318 Ill. 60, and *Smith v. Dugger,* 318 Ill. 215, hold that where a cause is reversed and remanded with specific directions as to what decree shall be entered by the trial court, it is the duty of that court to follow such directions and the trial court cannot lawfully do otherwise. In the *Hoyt* case the cause was remanded with directions to dismiss a petition for condemnation, the court having found that the statutory conditions authorizing the exercise of eminent domain did not exist. On the reinstatement of the case the petitioners made a motion for leave to amend the petition and for another hearing, but the court held the only judgment the lower court had power to enter was an order dismissing the petition.

In the *Dugger* case which was a bill for specific performance, after the cause was remanded with directions to grant the relief prayed in the bill and the cause reinstated, the lower court permitted the filing of a supplemental answer, alleging the existence of various judgments against one of the vendors which were liens on the land prior to the first decree, also other matters that existed during the pendency of the suit in the lower court. The Supreme Court held it was too late to raise those questions after final judgment in that court.

In neither of these cases did the amended petition or the supplemental answer set up matters that had

occurred since the entry of the original judgment or decree. In the present case, the supplemental bill did not raise any question that had been passed on by the circuit or the Appellate Court or any question that could have been raised on that hearing. It did not submit nor ask to relitigate any of the issues determined on the hearing of the original bill. It called the attention of the court to matters only that had happened since the entry of the original decree and we believe it was within the discretion of the court and that he properly permitted the filing of the supplemental bill. *Green v. City of Springfield,* 130 Ill. 515; *West v. Douglas,* 145 Ill. 164; *Dinsmoor v. Rowse,* 211 Ill. 317.

Appellants further insist that the new decree is entirely different in the essential elements from the decree specified by this court. First, because it orders appellants to pay the various sums of money to the clerk of the circuit court instead of to S. J. Gee, trustee, and because it is ordered that the money be paid out by the clerk in shares of one-fourteenth each instead of pro rata to the "noteholders." While we believe it would have been better to have appointed the trustee to have collected in and disbursed these funds, it was apparent from the testimony that he had no part of the fund remaining in his hands and we believe that this was not such a departure as to invalidate the decree. The division into fourteenths was equivalent to dividing pro rata among the "noteholders" and is not a substantial variance.

Appellants contend that the remanding order provided that the balance, if any, after paying off the "noteholders" in full should be pro rated to the "bondholders" and that because this provision was not inserted in the new decree, it was a material variance from the directions of this court. The evidence discloses that the fund was not sufficient to pay the claims of the "noteholders" and therefore the circuit

court was not required to provide for useless terms in its decree.

The appellees who are "noteholders" assign cross errors and complain that the court erred in not ordering the trustee, S. J. Gee, to pay them the amount found to be due upon the notes, and also in relieving the trustee from liability for the said amount found to be due them.

The record discloses that the appeal of the appellees was dismissed by this court on December 24, 1928; that they had been advised by letter from Justice Edward Barry of this court that they must secure a supersedeas if they desired to stay proceedings under the decree they were complaining about. Being fully advised, they neglected to protect their interests and cannot now complain because in the interim between the dismissal of their appeal with *procedendo* and the prosecuting of a writ of error, the trustee proceeded to distribute the fund in his hands to the "bondholders" in obedience to the terms of the decree of the circuit court, entered on August 21, 1928, which at that time was in full force and effect.

The decree in this case carries out substantially the orders and directions of this court in its opinion of February 12, 1930, and should be affirmed.

*Affirmed.*