(No. 25472.—

A. W. FRANCKE *et al.* Appellants, *vs.* WILLIAM W. EADIE, Exr., Appellee.

*Opinion filed April 17, 1940.*

WALTER E. HEALY, and HARRY L. HERR, for appellants.

BURRELL & BURRELL, and NACK & NACK, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In this case leave to appeal was granted to review an order of the Appellate Court for the Second District, striking a cause on the ground that no appeal was pending. The

only question presented pertains to a step in appellate procedure.

In 1925, appellants, hereinafter referred to as plaintiffs, began an action in the circuit court of Jo Daviess county against Benjamin Eadie, individually and as surviving partner of the firm of John Eadie, Benjamin Eadie and William N. Miller, doing business under the firm name of Hanover Union Bank, and the Continental and Commercial National Bank of Chicago for discovery and accounting. In 1934 the cause was stricken. A motion to vacate the order was entered and overruled. Plaintiffs appealed to the Appellate Court where the order was reversed and the cause remanded with directions to reinstate. In the interim Benjamin Eadie died, and, upon the redocketing of the cause in the trial court, his death was suggested and William W. Eadie, as executor, was substituted as a defendant. In August, 1938, the executor filed a plea in abatement. Plaintiffs filed a motion to strike the plea. September 6, 1938, plaintiffs' motion to strike was overruled. November 7, 1938, plaintiffs filed a notice of appeal from the order entered September 6. A transcript of the record was filed in the Appellate Court November 23, 1938. It did not include the notice of appeal or make any reference to it. January 23, 1939, plaintiffs obtained leave of the Appellate Court to file an additional transcript of the record and abstracts. Such additional record was filed in the Appellate Court February 7, 1939, and it showed that notice of appeal was filed with the clerk of the trial court on November 7, 1938. There was nothing in either the original or additional transcript indicating that the judge of the trial court or the Appellate Court had entered any order extending the time for filing the report of proceedings.

Sub-paragraph (2)(a) of rule 36 of this court (370 Ill. 40) directs that the record on appeal shall be transmitted to the reviewing court not more than sixty days

after notice of appeal has been filed. The Appellate Court concluded that since the transcript of the proceedings as originally filed on November 23, 1938, did not contain the notice of appeal it was ineffective to confer jurisdiction, and the additional transcript, which contained the notice of appeal, filed more than sixty days after the notice of appeal was filed in the trial court, did not cure the defect. In the opinion the court said: "It [the sixty-day period prescribed by rule 36] is a matter of fixed jurisdictional limitation, and as binding on the court as on the litigants. Where no jurisdiction exists, the court can not take jurisdiction."

Sub-paragraph 2 of section 76 of the Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, par. 200) provides: "An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court. After being duly perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected shall be deemed jurisdictional." In *East Ohio Street Hotel Corp.* v. *Lindheimer,* 368 Ill. 294, it was said that the filing of the notice of appeal is the only jurisdictional step required by the Civil Practice act.

An appeal is perfected when a notice thereof is filed in the trial court in the form and within the time prescribed. When it is filed, the case proceeds in the court of review not as a new case but as a continuation of the one that was pending in the trial court. The jurisdiction of the Appellate Court to take the case attaches when the notice of appeal is filed in the trial court. The filing of a *praecipe,* transcript of record, abstracts and other matters prescribed by rule, are steps to be followed in the presentation of the case to the court of review. The statute and rules which prescribe matters to be filed, and the time within which they shall be filed, do not pertain to the jurisdiction of the court, but deal exclusively with such things as are deemed necessary to a proper and orderly presentation of the case to the court of review. Failure to observe such statutory provisions

and rules may forfeit the litigants' rights to have the case reviewed but such a violation is not of a jurisdictional nature.

The pertinent provisions of section 92 of the Civil Practice act provide that the reviewing court may, in its discretion and on such terms as it deems just, (a) exercise all or any of the powers of amendment of the trial court; * * * (c) order or permit the record to be amended by correcting errors or by adding matters which should have been included. Rule 36 of this court prescribes the time within which a record shall be filed in a court of review. This rule must be considered in connection with the provisions of section 92 and given effect in accordance with the discretionary powers vested by that section. It must be noted that the statute, by provisions referred to, limits the power of a court of review to matters of amendment and correction of records. Rule 36 prescribes the time for the filing of a record, and when a record has been filed pursuant to rule 36 but is defective, then the court of review is vested with the discretion as to whether the defect should be cured by amendment.

In the instant case, the Appellate Court granted the leave to file an additional transcript, which, when filed, supplied the deficiency in the original transcript. The transcript which was filed November 23 contained sufficient parts of the record to make it amendable, subject to the discretion of the court, and, in the granting of leave to file the additional transcript, the court was acting within the discretionary powers conferred by sub-paragraph (c) of section 92.

The provisions of section 92 of the Civil Practice act and rule 36 of this court, when considered together and properly applied, make for a speedy and final determination of the case according to the substantive rights of the parties. The Appellate Court was correct in the exercise of its discretion in granting the leave to file the additional transcript

to correct the defect in the transcript previously filed, but it erred in later striking the cause on jurisdictional grounds.

For the reasons assigned, the judgment of the Appellate Court for the Second District is reversed and the cause remanded to that court, with directions to pass upon the questions presented on the appeal.

*Reversed and remanded, with directions.*