FRANK O. KOEPKE, Appellee, *vs.* ALICE CAMPO *et al.*—
(ALICE CAMPO, Appellant.)

*Opinion filed September 19, 1945—Rehearing denied Nov. 19, 1945.*

HAROLD OMAR MULKS, of Chicago, for appellant.

ROBERT F. KOLB, and REUEL H. GRUNEWALD, both of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Suit was brought in the circuit court of Cook county by Frank O. Koepke in May, 1942, to foreclose a mortgage dated May 21, 1926, securing a note for $3500 due in five years. The note and trust deed were executed by Benjamin F. Gove and Hattie K. Gove, his wife. Albert R. Freed became the owner of the property so mortgaged in March, 1928. He died in January, 1938, and left surviving his widow, Fannie Freed, and Morton D: Freed, a

son, and Alice Campo, a daughter. Alice Campo, appellant, and Fannie Freed were made defendants, summons against appellant being returned "not found," an affidavit was filed under section 14 of the Civil Practice Act by plaintiff's attorney. Publication was made by the clerk; certificate of publication filed; default taken November 21, 1942, and a decree of foreclosure entered November 24, 1942. After due notice a sale of the premises was made to Koepke; a certificate of sale issued and recorded; and the period of redemption expired March 23, 1944. February 16, 1944, appellant filed a petition to vacate the foreclosure decree, and for leave to defend.

The petition recites the former proceedings and alleges the affidavit of nonresidence as to her was insufficient for a number of reasons to confer jurisdiction over her. She says her residence could have been ascertained by reasonable diligence and effort; that the affidavit does not set forth what efforts were made to ascertain her place of residence; nor did it allege anything to show that due inquiry was in fact made to find her, or diligent inquiry to ascertain her place of residence. She also alleged she had a good defense to the foreclosure suit in that it was barred by the Statute of Limitations; that Albert R. Freed, her father, was formerly a record owner of the premises, and that a forged deed had been recorded, purporting to convey the premises to Morton D. Freed, and that by reason of these facts the decree of November 24, 1942, was procured by fraud of plaintiff, and for the purpose of defrauding petitioner. She prayed that the decree of foreclosure be set aside, and that she be given leave to answer. The plaintiff, Koepke, moved to strike her petition. His motion was denied, and he then filed a verified answer on March 13, 1944, and appellant moved to strike his answer. Her motion was granted. March 16, 1944, Koepke moved to vacate the order striking his answer. This motion was denied. Plaintiff elected to abide by the answer and refused to plead further. The court then en-

tered an order or decree finding the equities were with the petitioner, and ordered the decree of November 24, 1942, be set aside as to Alice Campo, appellant, and that she be given leave to appear to defend and answer the complaint within twenty days. From this order plaintiff appealed to the Appellate Court for the First District, which reversed the circuit court. From this action of the Appellate Court we have allowed an appeal to this court.

The opinion of the Appellate Court was based principally upon the sufficiency of the affidavit for publication, and the correctness of the judgment of the Appellate Court in this regard was one of the principal grounds upon which we allowed the appeal. We feel quite sure the Appellate Court would not have passed upon the question had its attention been called to the condition of the record in the case. The *praecipe* for record filed by appellant, among other things contained Item No. 3—"Affidavit of non-residence." In certifying to the record the clerk of the court certified the matters specified in the *praecipe,* except the affidavit of nonresidence, which was specifically excepted from the certificate. Notwithstanding what purported to be a copy of the affidavit of nonresidence is contained in the transcript it is not a part of the record because it is not authenticated by the certificate of the clerk.

Rule 36 requires that all parts of the record designated in the *praecipe* shall be certified by the clerk. The affidavit of nonresidence was not so certified. It has long been established that this court has no power to amend the record of the court below. (*Bergen* v. *Riggs,* 40 Ill. 61; *Illinois Central Railroad Co.* v. *Garish,* 40 Ill. 70.) Under the former Practice Act the filing of an authenticated copy of the records, judgments and orders appealed from was regarded as jurisdictional. (*Glos* v. *Randolph,* 130 Ill. 245; *Brougher* v. *Lost Creek Drainage Dist.* 274 Ill. 193; *People ex rel. Carr* v. *Mitchell,* 325 Ill. 472.) In all of these cases the appeal was dismissed because of the failure to file a properly authenticated record.

The record in this case was first filed in the Appellate Court and a decision rendered, and the cause comes to this court upon our granting a petition for leave to appeal. We have no authority to amend the record, and in fact, in view of the certificate of the clerk, we have no knowledge that such an instrument was actually in existence, and, hence, are in no position to send the document to the circuit court for proper authentication, should it appear we were authorized to do so.

We have no record before us upon which we can decide the question of jurisdiction over the person of Alice Campo; and it is equally clear the Appellate Court for the First District lacked that power. Had the matter come to this court directly we would have been compelled to dismiss the appeal, but since it comes to us on review of the judgment of the Appellate Court we must send it back to that court; and since the matter upon which it based its opinion was not a certified part of the transcript of record, it had no authority to pass upon and decide the case upon that point.

The cause is, accordingly, remanded to the Appellate Court for the First District with directions to dismiss the appeal.

*Reversed and remanded, with directions.*