Frank O. Koepke, Appellant, v. Peter J. Schumacher et al., Defendants. Alice Campo, Appellee.

Gen. No. 43,150.

114

Opinion filed February 18, 1946. Released for publication March 1, 1946.

REUEL H. GRUNEWALD and ROBERT F. KOLB, for appellant.

HAROLD OMAR MULKS, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Koepke was plaintiff in a suit to foreclose a mortgage on real estate in which Mrs. Campo claimed an interest. She was served by publication only. He obtained a decree November 24, 1942. The premises were sold to Koepke December 23, 1942. Mrs. Campo

filed a petition February 16, 1944 to have the decree set aside as to her and for leave to answer. This was after the period of redemption had expired. Koepke filed a verified answer to her petition. It was stricken on motion of Mrs. Campo, and a motion of Koepke to vacate the order was denied. He elected to abide by his answer, and an order in favor of Mrs. Campo was entered that the decree theretofore entered on November 24, 1942, should be vacated and set aside as to Mrs. Campo and she be granted leave to appear and defend, from which Koepke appeals. We reversed the decree (*Koepke v. Schumacher,* 324 Ill. App. 315, Abst.). The Supreme Court reversed this court (391 Ill. 355) and remanded the cause to this court with direction to dismiss the appeal, in substance à direction to proceed in conformity with the views expressed in the opinion of the Supreme Court.

The merits of Koepke's appeal were not considered by the Supreme Court. The question considered by the Appellate Court had been whether a supposed affidavit of nonresidence was sufficient to confer jurisdiction of Mrs. Campo. The Supreme Court held that neither that court nor this had jurisdiction to decide that question. The Supreme Court said:

"Notwithstanding what purported to be a copy of the affidavit of nonresidence is contained in the transcript it is not a part of the record because it is not authenticated by the certificate of the clerk. . . .

"We have no record before us upon which we can decide the question of jurisdiction over the person of Alice Campo; and it is equally clear the Appellate Court for the First District lacked that power."

The record was returned to this court. Mrs. Campo made motions to redocket the cause, dismiss the appeal and assess damages of $474. The motion to redocket was allowed. Koepke made a motion for leave to suggest a diminution of the record. This was allowed and

an additional record duly certified by the clerk filed January 25, 1946. The same day we denied the motions to dismiss the appeal and for assessment of damages.

The supplemental and additional record shows the filing on September 28, 1942, of the affidavit of nonresidence as to Mrs. Campo in the suit for foreclosure in the circuit court and sets forth a photostatic copy thereof. It is substantially the same affidavit contained in the record on which the appeal was originally considered in this court and which appears to have been lost or mislaid in the trial court and restored upon proof by order of the circuit court. Mrs. Campo objected to the motion for leave to file this additional record on the ground "that this court is without power or jurisdiction to grant said motion." We hold the allowance of the motion was within the discretion of this court under sec. 92 (1) (c) of the Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, par. 216, subpar. (1) (c); Jones Ill. Stats. Ann. 104.092, subpar. (1) (c)), which provides:

"(1) In all appeals the reviewing court may, in its discretion, and on such terms as it deems just, . . .

"(c) Order or permit the record to be amended by correcting errors or by adding matters which should have been included."

This section of the statute was construed in *Francke v. Eadie,* 373 Ill. 500, where it was held the Appellate Court had the power under the statute to permit the filing of an additional record, showing that a notice of appeal, which had not been included with the record theretofore filed, might be thus supplied.

The Supreme Court said:

"In the instant case, the Appellate Court granted the leave to file an additional transcript, which, when filed, supplied the deficiency in the original transcript. The

transcript which was filed November 23 contained sufficient parts of the record to make it amendable, subject to the discretion of the court, and, in the granting of leave to file the additional transcript, the court was acting within the discretionary powers conferred by sub-paragraph (c) of section 92.

"The provisions of section 92 of the Civil Practice act and rule 36 of this court, when considered together and properly applied, make for a speedy and final determination of the case according to the substantive rights of the parties."

The textwriters agree with this construction. Nichols Ill. Civ. Prac. §§ 6259, 6260. Smith-Hurd Anno. Stat., ch. 110, par. 216 [Jones Ill. Stats. Ann. 104.092], Historical and Practice Notes.

It now appears the transcript of the record considered by this court was inaccurate in that the affidavit of nonresidence, shown on page 24A of the record as having been filed September 28, 1942, was in fact an affidavit of nonresidence filed June 1, 1944, pursuant to an order of that date "to restore to the files an affidavit of nonresidence filed herein on September 28, 1942, and which has been lost or misplaced, and the court having examined said petition . . . FINDS, that said affidavit of nonresidence was duly filed herein, and that the same has been lost or misplaced and that diligent search has been made therefor . . . by the clerk of this court, and the same cannot be found, and it further appearing that the plaintiff has tendered a copy of said affidavit of nonresidence duly verified as a true and correct copy there: IT IS THEREFORE ORDERED that leave is hereby given to the plaintiff to restore said lost document to the files and to file herein said copy of said affidavit of nonresidence this day presented to the court."

It also appears that the certificate appended to the record dated June 1, 1944, was misleading in that the exception in it with reference to Item 3 of the original

praecipe (the specification of the affidavit of nonresidence filed September 28, 1942) failed to state that the affidavit on page 24A of the record was the affidavit of nonresidence filed June 1, 1944, to restore the lost or misplaced affidavit of nonresidence filed September 28, 1942. These inaccuracies are now corrected by the supplemental record certified by the clerk.

To the objection that this court is without power to enter an order permitting the filing of this additional record sec. 92, as above construed in *Francke v. Eadie,* 373 Ill. 500, is, we hold, a sufficient answer. It is worthy of note that the same power and authority existed under the former Practice Act of 1907, Callaghan's Stat. Anno., V 6, ch. 110, sec. 81 of which is as follows:

" . . . if it shall appear to the Supreme or Appellate Court that the record in any cause is incomplete or insufficient upon which to fairly consider and pass upon errors or cross errors assigned, such court shall order the clerk of the trial court to certify such additional parts of the record as it shall deem necessary, and such court shall make such order as to costs resulting therefrom as it shall deem just."

It is also worthy of note that prior to the enactment of that statute the same practice prevailed with the exception that it was necessary to make application for relief to the trial court instead of the reviewing tribunal. *Bergen v. Riggs,* 40 Ill. 61; *Brooks v. Bruyn,* 40 Ill. 64; *Illinois Cent. R. Co. v. Garish,* 40 Ill. 70; *Reed v. Curry,* 40 Ill. 73; *Shipley v. Spencer,* 40 Ill. 105.

The fact controlling our discretion in allowing the motion to suggest a diminution of the record is that the merits of the appeal were not passed on by the Supreme Court. This distinction is vital, as appears from a number of Supreme Court cases.

In *In re Estate of Maher,* 210 Ill. 160, 164, 165, the opinion of the Supreme Court refers to two lines

of cases and states the general rule to be applied. The court there said:

"It is impossible, in an opinion of reasonable length, to discuss the cases to which we have been referred on this subject. The only rule of general application deducible therefrom is one as to the existence of which there can be no controversy, and which may be thus stated: Where this court, in considering a cause, determines the issues and decides the questions involved upon their merits, and the case is reversed and remanded, with directions 'to proceed in conformity with the views' expressed in the opinion, there is no power in the court below except to enter a final order or judgment, without a re-trial; but if, on the other' hand, the issues are not determined by this court upon their merits, but the case is reversed and remanded with directions above mentioned, a re-trial may be had, when the court below will be governed by the legal principles which have been announced by this court, and evidence offered by either party which falls within the principles so announced must be received.

"It is manifest, therefore, that for the purpose of determining whether this court has determined the merits of a question involved in any cause requires an ascertainment of the issues in that cause and an examination of the opinion of this court dealing therewith. Each case must be determined by the application of the general rule above set forth to the particular questions and issues arising in that case."

In that case the Supreme Court said it had not decided the issue and again reversed the cause with directions to overrule the motion to dismiss the petition of one of the parties and retry the issue upon the motion of either party.

In *Dinsmoor v. Rowse,* 211 Ill. 317, it was held that on remandment with directions to proceed in conformity with the views expressed in the opinion, if

it appeared from the opinion that the grounds of reversal might be obviated by amendment of the pleadings or the introduction of additional evidence, it was the duty of the trial court to redocket the cause and permit amendments and allow additional evidence. The court said: (page 320)

"Where a cause is reversed and remanded with directions to proceed in conformity with the views expressed in the opinion filed, and it appears from such opinion that the grounds of reversal are of a character which may be obviated by subsequent amendments of the pleadings or the introduction of additional evidence, it is the duty of the trial court to permit the cause to be re-docketed and permit amendments to be made and evidence introduced on the hearing, just as though it was then being heard for the first time."

In *Aurora & Geneva Ry. Co. v. Harvey,* 178 Ill. 477, 484, the court said:

"This defect was easily cured by amendment, and the circuit court committed no error in allowing the amendment. In fact, it was the duty of the court to permit the amendment and to admit evidence in proof of the facts alleged in the amended petition. It is only when the merits of the controversy and the ultimate rights of the parties are decided in a court of review that a reversal and remandment will deprive the court below of the right to allow amendments to the pleadings and hear other evidence, and the authorities cited by counsel for appellees go no farther than this."

Other cases to the same effect are *Roggenbuck v. Breuhaus,* 330 Ill. 294, 297–99 (citing *Aurora & Geneva Ry. Co. v. Harvey,* 178 Ill. 477); *Ziolkowski v. Continental Casualty Co.,* 365 Ill. 594, 600; *Gee v. Hoeppner,* 267 Ill. App. 459, 464, 465. A review of all these cases would unduly extend this opinion. In conformity with these authorities, as we understand them, we hold it was the duty of this court to allow the suggestion of

Koepke for a diminution of the record and permit it to be filed. The additional record removed the only reason for which the Supreme Court opinion dismissed the appeal, and our opinion on the merits of the case on the record is not different from those expressed in our opinion filed December 11, 1944, in (*Koepke v. Schumacher,* 324 Ill. App. 315, abst.). We said:

"Defendant further objects to the affidavit that while it states 'due inquiry' and 'diligent inquiry' had been made, the language of the statute is that it must be 'an affidavit showing' due inquiry, etc. This, he says, means to demonstrate, to prove and to establish, and the language used by the court in *Spalding v. Spalding,* 3 Howard's Practice, 297, is said to be applicable here. A distinction is drawn between a mere statement and a 'showing,' and we are asked to hold that an affidavit must not only state due inquiry was made but must state in some detail what was done in order to ascertain the residence of the defendant. The form of affidavit used in this case is one which has been widely used in proceedings relating to the title of lands in Chicago and Cook County for many years. We are disposed to hold it sufficient. Many things might properly be done to ascertain the residence of any person. Certainly an unending search should not be necessary. We think it was not the intention of the legislature in enacting this statute to require an affidavit giving in detail an account of the search made. We do not know of any Illinois case which so holds. The affidavit was, we hold, sufficient. We hold the court had jurisdiction of defendant Campo.

"After the record was filed in this court, defendant Campo moved to dismiss the plaintiff's appeal and in support of her motion filed affidavits tending to show a conspiracy between plaintiff and some of the defendants to defraud her. Of course, no court will allow its process to be used for that purpose, but no such ques-

tion, so far as this record shows, was raised in the trial court. This court is not one of original jurisdiction. It is designed to review and, if necessary, reverse and correct errors of the courts of *nisi prius*. Sections of the practice act which have attempted to authorize this court to take evidence have been held invalid by the Supreme Court for that reason. *Schmidt v. Life Assurance Society*, 376 Ill. 183. Much less would it be permitted an appellate tribunal to substitute affidavits for evidence. The motion to dismiss the appeal is denied.

"We hold the affidavit of plaintiff's attorney was sufficient to confer jurisdiction on the court; that the time for filing a bill of review or petition to set aside under the statute had expired, and that the writ of error *coram nobis* is inapplicable to a chancery proceeding. It follows that the trial court was without jurisdiction to enter the order appealed from. It will, therefore, be reversed.

Again, we hold the order appealed from must be reversed.

*Reversed.*

O'CONNOR and NIEMEYER, JJ., concur.