(No. 29559.—

THE PEOPLE *ex rel.* Alice Campo, Petitioner, *vs.* DAVID F. MATCHETT *et al.,* Respondents.

*Opinion filed September 18, 1946.*

HAROLD OMAR MULKS, of Chicago, for petitioner.

ROBERT F. KOLB, REUEL H. GRUNEWALD, and FRANCIS M. COOPER, all of Chicago, for respondents.

Mr. JUSTICE MURPHY delivered the opinion of the court:

At a prior term of this court leave was granted Alice Campo to file an original petition for *mandamus* directed against the Justices of the First Division of the Appellate Court for the First District. The prayer of the petition is that respondents be commanded to expunge an order entered by them on January 25, 1946, in a cause entitled *Frank O. Koepke* v. *Peter J. Schumacher et al.,* and also to expunge a judgment entered in said cause on February 18, 1946. Respondents' motion to strike the petition raised issues of law.

The order and judgment which petitioner seeks to have expunged were entered by respondents after the cause had been in this court under the title of *Koepke* v. *Campo* and the judgment entered by the Appellate Court had been reversed and the cause remanded to that court with directions to dismiss the appeal. (391 Ill. 355.) The order and judgment attacked in this proceeding were entered by respondents in giving effect to the mandate of this court.

In 1942, Koepke instituted an action in the circuit court of Cook county to foreclose a trust deed. Petitioner was named as a defendant in such action under a general allegation that she had, or claimed, some interest in the premises sought to be foreclosed. She was not personally served nor did she enter appearance. Koepke undertook to bring her within the jurisdiction of the court on notice by publication. After such publication was had, a decree of default was entered, followed by a decree of foreclosure. Thereafter a sale was had of the mortgaged premises at which Koepke became the beneficial owner. On February 14, 1944, which was about 15 months after the decree of foreclosure was entered, and about 14 months after the sale, petitioner in this cause filed a motion in the foreclosure action to vacate and set aside the sale, and the decree of foreclosure, and for leave to appear and file an answer. It was alleged in such motion that the affidavit of nonresidence was defective. Koepke resisted petitioner's motion to vacate and first moved to strike petitioner's motion. His motion was overruled. He then filed an answer which was stricken, and on March 16, 1944, after Koepke had elected to stand by his pleading, the court entered an order vacating the sale and the decree of foreclosure, and granting petitioner leave to answer.

Koepke filed a notice of appeal to the Appellate Court, and on April 9, 1944, filed a *praecipe* for record in the circuit court. It specified various pleadings, decrees and orders, and item 3 was the request to include an affidavit

of nonresidence as a part of the transcript of the record. The affidavit of nonresidence upon which notice by publication was had was filed in the circuit court September 28, 1942. It appears to have been in the files of the circuit court when petitioner filed her motion to vacate the decree on February 14, 1944, and there is an allegation in the petition in this cause, which respondents' motion to dismiss admits to be true, that such affidavit remained in the files at least until March 16, 1944. Soon thereafter it was lost. On June 1, 1944, Koepke was before the circuit court with a motion in which it was alleged that the affidavit of nonresidence filed September 28, 1942, had been lost. He attached to his motion what was alleged to be a true and complete copy of the original, and the prayer was that permission be granted to substitute such copy for the original. The motion was allowed and evidently Koepke intended that the substituted copy should be included as a part of the transcript of record to be filed in the Appellate Court. However, the clerk's certificate of authentication expressly excepted the affidavit of nonresidence, but a copy of an affidavit was inserted in the record as page 24A. Petitioner, as appellee in the Appellate Court, contended in that court that there were certain discrepancies between the original affidavit of nonresidence and the copy placed in the record by the order of June 1, 1944, which was inserted as page 24A in the transcript. She moved to dismiss the appeal, but the motion was denied and an opinion rendered which, in considering the question of jurisdiction, held the copy of the affidavit of nonresidence placed in the record, page 24A, to supply the lost file, was sufficient. The judgment of the Appellate Court reversed the order of the circuit court. We granted leave to appeal and, finding the affidavit of nonresidence inserted in the record at page 24A of the transcript had not been properly authenticated, the judgment of the Appellate Court was reversed

and the cause remanded to that court "with directions to dismiss the appeal."

After the mandate of this court had been filed in the Appellate Court, petitioner herein moved that the cause be redocketed and the appeal dismissed. She also prayed for an assessment of damages. Koepke countered with a cross motion, in which he moved for leave to withdraw the original transcript of record and to amend the same by having the clerk of the circuit court insert an authenticated copy of the original affidavit of nonresidence, and also to have the clerk of the trial court correct his former certificate of authentication so as to include therein the affidavit of nonresidence. The final prayer was that the Appellate Court reconsider and determine the cause upon the record thus amended.

On December 14, 1945, respondents entered orders which in substance suspended action on petitioner's motion but allowed Koepke's motion for leave to withdraw and amend the record. On December 26, 1945, Koepke filed a *praecipe* for record in the office of the clerk of the circuit court, in which he asked for a further authenticated transcript to include: "Copy of affidavit of non-residence filed on September 28, 1942, being the affidavit of non-residence designated as item 3 in praecipe for record filed in said cause on April 8, 1944. Certificate of clerk that the affidavit of non-residence shown on page 24A of the record certified under certificate of clerk dated June 1, 1944, as filed on September 28, 1942, was in fact an affidavit of non-residence as restored to the files by order of this court entered on June 1, 1944, a copy of which order is included as the next item of this praecipe. Copy of order entered on June 1, 1944, restoring lost affidavit of non-residence filed on September 28, 1942. * * * Copy of affidavit of non-residence filed June 1, 1944, restored as lost or misplaced affidavit of non-residence filed on September 28,

1942. * * * Certificate of clerk authenticating record per this further praecipe." It does not affirmatively appear that the clerk of the circuit court refused to comply with Koepke's latest *praecipe* but we find that on January 7, 1946, Koepke filed a motion in the Appellate Court in which he prayed for the entry of an order commanding the clerk of the circuit court to furnish a further transscript of the record in this court as specified in the *praecipe* for further record. On January 11, 1946, respondents entered an order on Koepke's motion, directing "that the Clerk of said Circuit Court of Cook County be, and he is hereby ordered and directed to forthwith furnish to said appellant [Koepke] a further transcript of record as specified in the praecipe filed by said appellant in the Circuit Court of Cook County on December 26, A. D. 1945, in said cause upon said appellant paying to the Clerk of said Circuit Court of Cook county the statutory fees for same." On January 21, Koepke moved the Appellate Court for leave to file a transcript of a supplemental record herein, and on January 25, the same was allowed. On the same day, petitioner's motion to dismiss the appeal was denied. On February 18, respondents filed a second opinion in which they refer to the mandate of this court and the direction therein contained to dismiss the appeal. In the opinion filed by respondents they referred to the judgment of this court reversing and remanding the cause with directions to dismiss the appeal and said it was "in substance a direction to proceed in conformity with the views expressed in the opinion of the Supreme Court." Reference is also made in the second opinion to the supplemental and additional record which Koepke filed in that court after the mandate had been issued. In the opinion it is stated that the photostatic copy of the affidavit thus added to the record "is substantially the same affidavit contained in the record on which the appeal was originally considered in this court and which appears to have been lost or mislaid in the trial

court and restored upon proof by order of the Circuit Court."

Where a cause is remanded by a court of review to a lower court with directions to enter a certain order or decree, the latter court has no discretion but to enter the decree as directed. (*Wilson* v. *Fisher,* 369 Ill. 538; *People ex rel. Callahan* v. *DeYoung,* 298 Ill. 380.) The conclusiveness of the directions given by a reviewing court and the obligation of a lower court to follow them was emphasized in *Chicago Railway Equipment Co.* v. *National Hollow Brake Beam Co.* 239 Ill. 111, by the following language: "A decree entered in accordance with the directions of this court cannot be erroneous. This court may err in its directions to an inferior court but however erroneous the directions given may be, it is the duty of the inferior court to strictly follow the directions contained in the mandate of this court." See, also, *Trustees of Schools* v. *Hoyt,* 318 Ill. 60. The duty of the lower court to follow the mandate of the reviewing court may be enforced by *mandamus. Wilson* v. *Fisher,* 369 Ill. 538; *People* v. *DeYoung,* 298 Ill. 380; *People ex rel. Olson* v. *Scanlan,* 294 Ill. 64.

Respondents construed the directions of the mandate (that the appeal should be dismissed) as leaving them unhampered to exercise the discretion given a reviewing court by section 92 of the Civil Practice Act. (Ill. Rev. Stat. 1945, chap. 110, par. 216.) It provides that "(1) In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,— * * * (c) Order or permit the record to be amended by correcting errors or by adding matters which should have been included." Without question such power may be exercised when the cause is brought by appeal from the trial court to a court of review as was held in *Francke* v. *Eadie,* 373 Ill. 500. Had the judgment of the Appellate Court been reversed by this court and the cause remanded with general directions, the

statute would, under such circumstances, be applicable. But it has no application when the cause has been remanded with directions to enter an order which forbids an exercise of the discretion which the statute confers. We did not pass on the merits of the case but directed the appeal be dismissed. Such direction would not authorize respondents to exercise the discretion given in the statute by permitting Koepke to amend the record.

There must be an end to litigation and judgments being reviewed must come to a finality at some stage of the proceeding. After a cause has been reviewed and a judgment entered with directions to enter an order the effect of which is to terminate further procedure in the lower court, there is nothing for the lower court to do except to follow such directions. The order entered by respondents on January 25, 1946, followed by the judgment entered on February 18, 1946, was not in conformity with the direction of the mandate to dismiss the appeal.

The purported transcript of record was filed in the Appellate Court on June 1, 1944, and on June 26 following, appellee, petitioner herein, filed a written motion to dismiss the appeal and urged as one of the grounds therefor that the purported transcript filed in the Appellate Court was not properly authenticated. Particular reference was called to the certificate of the clerk excepting the affidavit of nonresidence. It was alleged in an affidavit filed in support of such motion that the paper inserted on page 24A of the transcript was not a copy of the affidavit of nonresidence which the circuit court had considered when the order was entered on March 16, 1944, vacating the decree of foreclosure. On December 11, 1944, the motion was denied. At no time during the pendency of said motion, or after it was disposed of by the Appellate Court, did Koepke take any action to procure a proper authenticated transcript which included the affidavit of nonresidence.

Under such circumstances, there could be no merit in the claim that Koepke would be denied due process if the order and judgment complained of were expunged.

For the reasons assigned, the order entered by respondents on January 25, 1946, in said cause, and the judgment entered on February 18, 1946, should be expunged and an order should be entered dismissing said appeal.

*Writ awarded.*