(No. 31296.—

FRANK O. KOEPKE, Appellant, *vs.* PETER J. SCHUMACHER *et al.,*—(ALICE CAMPO, Appellee.)

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

REUEL H. GRUNEWALD, and FRANCIS M. COOPER, both of Chicago, for appellant.

HAROLD OMAR MULKS, of Chicago, for appellee.

CHARLES LEONARD NELSON, of Chicago, for appellee on rehearing.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The circuit court of Cook County on April 29, 1949, entered a decree in an action for the foreclosure of a trust deed. The case has made two prior appearances in this court and the reader is referred to *Koepke* v. *Campo,* 391 Ill. 355, and *People ex rel. Campo* v. *Matchett,* 394 Ill. 464, for a general statement of the facts and pleadings prior to the rendition of the decree now complained of by the plaintiff-appellant, Koepke, and by appellee, Campo, as cross appellant. The appeal is direct to this court because a freehold is involved.

The defendant-appellee, Campo, and Morton D. Freed, are the heirs-at-law of their father, Albert R. Freed, who died intestate purportedly holding title to the involved property. Morton D. Freed, within a very short time after the death of his father, filed for record a warranty deed bearing a date (December 14, 1936) prior to that of the death of his father, (January 4, 1938) and the names of his father and mother as grantors, whereby the whole of the fee was conveyed to him. He subsequently quitclaimed the property to Peter J. Schumacher and he was the holder of the title when the plaintiff instituted his foreclosure action. The plaintiff bid in the property at the foreclosure sale and subsequently received a commissioner's deed after the period of redemption had expired. That conveyance from the commissioner was confirmed by the decree of April 29, 1949, except as to the interest of Alice Campo, which decree contained an adjudication holding that the signature of Albert R. Freed was forged to the warranty deed. It was further held defendant Campo became vested with an undivided interest in fee simple in the involved property which the court held was owned by her father in fee simple at the time of his death.

The decree held Albert R. Freed became the owner of the fee on March 28, 1928. Error is claimed on the basis

of an alleged invalidity of the quitclaim deed by which the title was purportedly conveyed. It will not be necessary to decide whether the deed was a valid one. The chancellor found and held that it was, and we will assume for the purpose of decision that the chancellor did not err. Fixing the title in Albert R. Freed did not give to the appellee a fee interest in the property. Whether she possesses such interest must depend upon the status of the warranty deed of December 14, 1936, whereby the whole fee to the property was purportedly conveyed to Morton D. Freed.

The decree contained an adjudication supporting the contention of appellee that the purported signature of her father on the deed was forged. The appellant contends the adjudication is erroneous because appellee did not establish by her evidence the fact of forgery. There is no dispute over the genuineness of Mrs. Freed's signature on the instrument. The original deed is not in evidence, only a certified photographic copy thereof. According to the notary's certificate thereon the deed was acknowledged the same day it was executed. The notary certified that the grantors, "* * * personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument." The name on the deed was "A. R. Freed."

The persons interested in maintaining the invalidity of the deed are the appellee and her attorney: she, because of her claim of a fee interest in the property, which claim must stand, or fall, on the decision about the validity of the deed; her attorney, because he has a written contract with appellee, whereby he gets one half of her interest as his fee. Appellee has already conveyed the property to the wife of her attorney as security for his fees. It is their testimony, and only their testimony, which directly supports the allegation that the signature of Albert R. Freed, *i.e.*, "A. R. Freed," was forged.

Appellee, when testifying, simply said she was acquainted with her father's signature, for she had seen him write it many times, and after comparing the questioned signature with genuine ones, said it was not the signature of her father. Her father had always signed his name "Albert R. Freed" as far as she knew. This is reinforced only by her statement that Morton D. Freed indirectly admitted to her that he had forged the name of his father to the deed, and by her further stating in her testimony that Morton D. Freed had forged her signature to a petition of his to be appointed the administrator of his father's intestate estate and also to an entry of appearance and consent to the probate court approving his final account as administrator.

Harold O. Mulks is appellee's attorney, and he promised the master, and the attorney for the plaintiff, when he requested to be sworn as a witness, that he would go before the court at an early date and withdraw as attorney for appellee. He was sworn, and when shown the certified copy of the deed, he was asked if the signature of "A. R. Freed" was the handwriting of Albert R. Freed. The attorney for the plaintiff objected on the sole ground that the questioned signature admittedly was not in the handwriting of Albert R. Freed, for the signature appeared on the deed in printed script. The master sustained the objection, saying the signature was printed. The master then looked at the deed, changed his mind, and overruled the objection. Mulks then answered the question by simply stating it was not the signature of Albert R. Freed. That was the total of his testimony on that subject. Mulks never withdrew from the case, and his reasons for not doing so are unconvincing.

It may be thought the plaintiff made, during the colloquy over whether Mulks should answer the question, an admission that the disputed "A. R. Freed" on the deed was not the signature of Albert R. Freed. Such is not the case.

What the plaintiff was endeavoring to show was that "A. R. Freed" need not be in the handwriting of Albert R. Freed in order to be his valid signature. It could just as well be printed in script type and be valid, and if the notary public certified that Albert R. Freed had acknowledged he had signed the deed, then Mulk's denial of the genuineness of the "A. R. Freed" could not overcome the certificate of the notary. .

Two witnesses, former tenants of the property at stake with their tenancies covering the period from October, 1936, to May, 1938, testified Albert R. Freed collected the rent, legibly signed the rent receipts, and was apparently in good health.

The testimony of the appellee, of Mulks, and of the two former tenants, plus some inferences drawn in the brief of the appellee, is deemed to be sufficient proof to establish the alleged forgery to be a fact.

The appellee has attacked the validity of the deed because of one claimed fatal defect and no more. The allegation in her petition of March 7, 1949, to have the decree of foreclosure vacated and that she be allowed to defend by answering the amended complaint, attacked the deed only because it does not bear the genuine signature of Albert R. Freed; hence, his purported signature thereon is a forgery. In her answer to the amended complaint she said "A. R. Freed" was forged on the deed by Morton D. Freed, or by some person he procured to do so, all for the purpose of defrauding her out of her claimed interest in the property.

No other attack is made, such as the certificate of acknowledgment being invalid for any reason, or a lack of legal delivery for any reason. The appellee therefore cannot, as she does here by inferences, urge items of defense against the deed which are not alleged in her answer. No motion was ever made to amend her answer to conform to the proof in order to incorporate any other defensive

grounds against the deed. The authorities she cites in support of those nonpleaded inferential defenses cannot be applied here.

*Finley* v. *Felter,* 403 Ill. 372, involved the question of whether the purported signature of a grantor on a deed was forged, and this court stated the rule which is to be applied in determining, in this case, whether the appellee has adduced proof sufficient to establish that the signature on the deed was in fact forged. The rule is that the record of conveyance and the certificate of acknowledgment can be overcome only by proof which is clear, convincing and satisfactory. Public policy, the security of titles and the peace of society require such a rule, and it must be strictly adhered to. We further said that the required proof to sustain a charge of forgery must be of the clearest, strictest, and of the most convincing character, and that proof must come from the testimony of disinterested witnesses. The reason for such strictness is that should the law allow the unsupported testimony of an interested witness, who conceives that a very material gain is within his grasp, to offset and destroy the deliberate act of certification under oath by one created by law to certify instruments of conveyance, it would shock the moral sense of the community, deny justice, and create chaos in land titles.

Subjection of the testimony of the appellee, and that of her attorney, Mulks, to an examination made under the control of the rule just stated, makes it very clear that their testimony falls far short of compliance therewith. The testimony of the two prior tenants relates only to the inferential defense of nondelivery of the deed set forth in the brief of the appellee. Those inferential defenses cannot, in themselves, or in connection with the testimony of the appellee and Mulks, rise to the dignity of proof of the alleged forgery. The testimony in this case was taken before the master, and, by agreement of the parties, it was

submitted to the chancellor devoid of any report or recommendation by the master. The chancellor, by agreement, heard the case *de novo* on that testimony alone. This court is not in the situation where it will not disturb the findings unless they are manifestly against the weight of the evidence.

The appellee failed to supply that proof necessary to establish that the deed is invalid because the signature of one grantor was forged. The chancellor erred in finding and decreeing the deed invalid because of the alleged forged signature. Holding the deed valid automatically renders unnecessary our giving consideration to other alleged errors assigned by the appellant, or to the alleged cross errors assigned by the appellee as a cross appellant. She is the only appellee and the only cross appellant.

The decree appealed from had to stand or fall in its entirety. The alleged undivided fee-simple interest of the appellee in the property did not materialize after she had her day in court. The decree of the circuit court of Cook County is reversed.

*Decree reversed.*