Isaiah Robert JOHNSON

v.

Hon. Homer L. KREIDER, Leroy Zimmerman, and Leonard Tinter, Harrisburg, Pennsylvania.

Civ. A. No. 9856.

United States District Court
M. D. Pennsylvania.

Feb. 17, 1967.

Isaiah Robert Johnson, pro se.
No appearance for defendant.

MEMORANDUM

FOLLMER, District Judge.

Isaiah Robert Johnson, Jr., a prisoner at the State Correctional Institution, Philadelphia, Pennsylvania, has submitted a document entitled "Petition in capias et attachias" in which he requests leave to commence an action in forma pauperis. It is alleged that the defendants violated, inter alia, 42 U.S.C. §§ 1983, 1985. Thus it will be considered as a request to commence an action, in forma pauperis, under the Civil Rights Act.

In the first place, the allegations contained in the complaint are conclusory in nature with no factual documentation. Such a complaint fails to state a cause of action. United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3d Cir. 1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed. 2d 735 (1963).

In any event, the crux of the matter is that judicial officers and prosecuting attorneys are immune from liability in civil suits relating to actions performed within the authority or jurisdiction of their respective offices. Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966). The Hon. Homer L. Kreider (misspelled in the complaint as Judge Kriegher), President Judge, Dauphin County, and Leroy Zimmerman, District Attorney of Dauphin County, Pennsylvania, were acting within the jurisdiction and authority of their offices at the time complained of. Accordingly, the action must be dismissed as against them.

Under 42 U.S.C. §§ 1983, 1985, the defendant must have acted under color of State law. For purposes of §§ 1983, 1985, an attorney is just another private individual. His status as an "officer of the court" does not make him an officer of the Commonwealth of Pennsylvania or of any governmental subdivision thereof. Pugliano v. Staziak, 231 F.Supp. 347, 351, n. 5 (W.D.Pa.1964) affirmed, 345 F.2d 797 (3d Cir. 1965);

Kregger v. Posner, 248 F.Supp. 804, 806 (E.D.Mich.1966). Leonard Tinter, Esq., apparently was acting in his profession as an attorney at the time complained of, and the action also must be dismissed as to him. The whole complaint is patently frivolous.

Accordingly, leave to proceed in forma pauperis will be denied and the complaint will be dismissed.