**William G. REINKE, Jr., Plaintiff,**

v.

**R. G. RICHARDSON, Jr., Attorney, Defendant.**

**Misc. No. 101.**

United States District Court
E. D. Wisconsin.

Jan. 15, 1968.

William G. Reinke, Jr., pro se.

## ORDER

MYRON L. GORDON, District Judge.

Plaintiff seeks permission to proceed in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendant, an attorney at law, was appointed on April 7, 1965, by Walworth county circuit judge Ernst John Watts to assist him in prosecuting his appeal from a conviction under Wis.Stat. § 943.24(1). From that date until plaintiff's release from custody in March, 1966, plaintiff alleges that the defendant did nothing to prosecute said appeal, and, consequently, plaintiff's time for appeal expired. Because of this, plaintiff contends that he was deprived of his constitutional right of appeal and suffered additional imprisonment. Plaintiff seeks damages for lost wages for the period from May, 1965 to March, 1966, plus $25,000 punitive damages.

An indispensable element of suits brought under § 1983 is a showing that the defendant acted under "color of law". Plaintiff maintains that this element is satisfied since his appointed attorney is an officer of the court. It has been held, however, that an attorney's status as an officer of the court does not make him a person who is acting under color of law. He is considered a private individual for purposes of § 1983. Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967); Johnson v. Kreider, 264 F. Supp. 188 (M.D.Pa.1967); Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964).

A cause of action does not lie against an appointed attorney under § 1983. Therefore, under the discretion granted the court pursuant to 28 U.S.C. § 1915, plaintiff's request to bring his action in forma pauperis is denied.