Jacob **VANCE**, Plaintiff,

v.

W. G. **ROBINSON**, etc., **Defendants.**

Civ. A. No. 2349.

United States District Court
W. D. North Carolina,
Charlotte Division.

Nov. 27, 1968.

No appearance for plaintiff.

J. Marshall Haywood, Charlotte, N. C., for defendants.

## MEMORANDUM OF DECISION AND JUDGMENT

McMILLAN, District Judge.

Jacob Vance, Jr., was tried in Mecklenburg County Superior Court in March of 1966 and convicted by a jury of armed robbery and sentenced to 28 to 30 years in prison. W. G. Robinson, a practicing attorney, was appointed by the trial court to represent Vance and did represent him in the defense of the criminal action. Vance has now filed this civil suit in United States District Court against "W. G. Robinson, etc., Defendants." The defendants "etc." are not named nor otherwise referred to or identified. The complaint alleges that the attorney, Robinson, aided and abetted "in a circle of conspiracy" to deprive plaintiff of a fair trial; that he was negligent in the handling of the defense and the appeal and that the plaintiff has been damaged thereby in the amount of $20,000. No other person is named as a co-conspirator and no action or cooperation by any other person or agency is implied or alleged. All of the transgressions are alleged to be solely those of the attorney, Robinson.

Innocence of the plaintiff is not alleged.

The defendant filed a motion to dismiss and a motion for summary judgment, alleging that the complaint fails to state a claim upon which relief can be granted; that the necessary diversity is lacking; that no federal question is involved; and that the defendant was not acting under color of state law, ordinance, regulation, custom or usage.

It appeared upon the face of the proceedings that the defendant was entitled to have the motion for summary judgment allowed. However, out of precaution, the Court arranged for the prisoner to be brought from prison and appear at a hearing, at which he could advance his contentions as fully as he desired. The hearing did not produce names nor intimation as to the existence of co-conspirators. It did not produce any con-

tention of fact or law favorable to plaintiff which does not arise upon the face of the complaint. The plaintiff made a tremendously intelligent and articulate presentation of his own case in his own behalf.

There is no diversity of citizenship; the plaintiff and the defendant are residents of North Carolina.

Federal jurisdiction, if it exists in this case, depends upon 28 U.S.C.A. § 1343, read together with 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Section 1343 of Title 28, U.S.C.A., gives the district courts jurisdiction over suits for damages against persons violating the provision of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Section 1983 reads:

"§ 1983. Civil Action For Deprivation of Rights.

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979."

■ In order to proceed under § 1983, it must be shown that the actions of the defendant were "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory * * *." The defendant was appointed by a judge of the Superior Court of North Carolina. He owed to the criminal defendant when he accepted employment the duties of diligence and faithful representation required by the canons of professional ethics and by the ordinary duties of due care in the practice of his profession; and if he did the things alleged in the complaint he may be liable to the plaintiff for civil damages in an action at law in the courts of North Carolina.

■ However, his appointment and acceptance of the representation did not make him an officer or servant of the state. His duty was to *oppose* the efforts of the state to convict his client. His actions, good or bad, were not done for the state nor under color of any statute, ordinance, regulation, custom or usage. Section 1983 is in the opinion of this Court, not applicable. Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir., 1968); Pugliano v. Staziak, 231 F.Supp. 347, 351 (W.D.Pa., 1964) (affirmed 345 F.2d 797, 3rd Cir., 1965); Johnson v. Kreider, 264 F.Supp. 188 (M.D.Pa., 1967) (the defendant Tinter was a court appointed attorney); Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa., 1967); Kregger v. Posner, 248 F.Supp. 804 (E.D. Mich., 1966); Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283, 284 (W.D. Pa., 1968); Peake v. County of Phila., Penn., 280 F.Supp. 853 (E.D.Pa., 1968). See: Jones v. Warlick, 364 F.2d 828 (4th Cir., 1966).

■ 42 U.S.C. § 1985 makes conspiracy to deprive persons of civil rights actionable. However, the plaintiff although using the word "conspiracy" has not alleged a conspiracy; neither in his pleadings nor in his personal appearance before the Court did he advance any contention that others were involved or worked with the defendant in the acts complained of; and it is expressly alleged that all of the plaintiff's troubles were caused by acts of the individual defendant. The Court is of the opinion that § 1985 does not apply.

The motion of the defendant for summary judgment is allowed.