**Clarence L. SMITH, Appellant,**

v.

**Alfred C. CLAPP, Esq.**

**No. 18104.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Nov. 4, 1970.

Decided Dec. 7, 1970.

Clarence L. Smith, pro se.

Jerome C. Eisenberg, Clapp & Eisenberg, Newark, N. J. (Robert P. Gorman, Newark, N. J., on the brief), for appellee.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This case is before the court on appeal from a District Court order of June 27, 1969, dismissing a civil complaint alleged to be based on 42 U.S.C. §§ 1983 and 1985 [1] and 28 U.S.C. § 1343 (paragraph 8) after a hearing had been held on defendant's timely motion to dismiss the complaint.

The complaint is based on the contention that defendant, as counsel for defendant in a state criminal murder proceeding, is liable for malpractice and negligence in permitting defendant to be

---

1. The absence of an allegation of conspiracy makes 42 U.S.C. § 1985 inapplicable.

tried[2] without a valid Grand Jury indictment having been returned against him.[3] This contention must be rejected since the "claim * * * amounts to no more than a tort claim for malpractice and as such is not cognizable under the Civil Rights Act." *See* Isenberg v. Prasse, 433 F.2d 449 (3rd Cir. 1970). Under these circumstances, it is unnecessary to discuss the other reasons[4] relied on by the District Court in the Memorandum filed with its June 27, 1969, order.

The order of the District Court will be affirmed.

2. The trial resulted in a verdict of guilty of murder in the first degree on January 21, 1959, and the conviction was affirmed on appeal on May 23, 1960. This complaint was filed on April 25, 1969, while plaintiff was still in prison under a life sentence.

3. Although the complaint initially alleges that Indictment, 39–58 was not a "True Bill," the last part of the complaint (pages 3–4) alleges that "During the past several weeks, your Plaintiff decided * * * that he had in fact never been indicted by an Essex Grand Jury * *" and explains why he made this decision, namely, there was no evidence to go before the Grand Jury except his confession which he believes was clearly insufficient [cf. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956)]; if the indictment were valid, the authorities would have given him more proof of (1) a True Bill, (2) a court order as-

signing "the Indictment for disposition," and (3) a certified transcript of the stenographic minutes of the Grand Jury proceedings, etc. This latter part of the complaint concludes: "For all the reasons expressed herein, your Plaintiff leans heavily upon the belief that he had never been under Grand Jury Indictment. * * *"

4. For example, the District Court pointed out that an attorney appointed for a defendant in a criminal case does not act under color of state law so that he is not liable to suit under 42 U.S.C. § 1983. See Pugliano v. Staziak, 231 F.Supp. 347, 350–351 (W.D.Pa.1964), aff'd 345 F.2d 797 (3rd Cir. 1965); Reinke v. Richardson, 279 F.Supp. 155 (E.D.Wis.1968); Elders v. Consolidated Freightways Corp. of Delaware, 289 F.Supp. 630, 634 (D. Minn.1968); cf. Rhodes v. Meyer, 225 F. Supp. 80, 93–94 (D.Neb.1963).