Jerome B. HANSEN, Plaintiff,

v.

John C. AHLGRIMM et al.,
Defendants.

Civ. A. No. 72–C–20.

United States District Court,
E. D. Wisconsin.

April 27, 1973.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

Dennis J. Flynn, Corp. Counsel, Racine, Wis., for defendant Ahlgrimm.

Dexter D. Black, Racine, Wis., for defendant Brown.

## DECISION AND ORDER

REYNOLDS, Judge:

In October 1970 Jerome and Betty Hansen were divorced. Jerome did not like the divorce judgment which ordered him to pay more than $100,000, and he appealed to the Wisconsin Supreme Court. Betty then sought an order granting her temporary alimony and attorney's fees while the appeal was in progress. She also sought to compel Jerome to perform the judgment or execute an undertaking. Her requests were quite common and had long been provided for by the Wisconsin Statutes. Wis.Stats. §§ 247.39 and 274.17. The orders were duly entered but were, unfortunately, no more to Jerome's liking than the original judgment itself. Jerome ignored them and in accordance with statute was committed to the county jail. Wis.Stats. §§ 247.37 and 295.03. Jerome then filed this civil rights action in federal court alleging that the county judge who entered the orders and the attorney who represented his wife had conspired to deprive him of his liberty and various other constitutional rights

in violation of 42 U.S.C. § 1983. Five thousand dollars in compensatory damages and $200,000 in punitive damages are sought. Defendants have moved to dismiss the complaint for failure to state a valid claim. Their motion is granted.

On a motion to dismiss, all allegations of fact in plaintiff's complaint are assumed to be true. Legal conclusions in the complaint, of course, are not. The only additional factual allegations in the complaint in this case are that the defendant judge and the defendant attorney did what they did for the purpose of forcing plaintiff to abandon or delay his appeal under peril of imprisonment. Allegations of the damage caused by the conspiracy are also made.

Counsel for both parties have dealt at length with whether the defendant judge's actions were within his authority under state law. That, of course, is a question of state law, of little relevance to the federal question plaintiff is trying to raise here. As I understand the conclusory complaint, plaintiff is contending that the orders to pay temporary alimony and either perform the judgment or execute an undertaking while the appeal is in progress combined with the imprisonment of plaintiff for disobeying the orders offend notions of fundamental fairness and thus violate due process of law. Although the defendants' actions do not appear improper, I need not deal with the merits of plaintiff's contention, for this action is barred at the threshold by the doctrines of judicial immunity and state action.

Plaintiff does not deny that the defendant judge was acting within his judicial role and attempting to perform his official duties. He is therefore immune from a damage suit against him as an individual under the Civil Rights Act. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Jacobson v. Shaefer, 441 F.2d 127 (7th Cir. 1971); Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Sullivan v. Kelleher, 405 F.2d 486, 487 (1st Cir. 1968); Agnew v. Moody, 330 F.2d 868, 869 (9th Cir. 1964). The judge's motive in acting within his judicial role does not affect the scope of his immunity.

Had this civil rights suit been against the defendant attorney alone, it is clear that no state action would have existed. Reinke v. Richardson, 279 F.Supp. 155 (E.D.Wis.1968); Kregger v. Posner, 248 F.Supp. 804, 806 (E.D.Mich.1966); Pugliano v. Staziak, 231 F.Supp. 347, 351 n.5 (W.D.Pa.1964), aff'd 345 F.2d 797 (3rd Cir. 1965). Evidently plaintiff contends that because the attorney allegedly conspired with the judge, a state officer, the attorney's actions became state actions with the rule of United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L.Ed.2d 267 (1966), even though the state officer is himself immune from suit. Courts faced with this contention have, however, consistently rejected it holding that to come within the rule of *Price* the private citizen must conspire with a state official against whom a valid claim could be stated. Haldane v. Chagnon, 345 F.2d 601, 604–605 (9th Cir. 1965); Stambler v. Dillon, 302 F.Supp. 1250, 1255 (S.D. N.Y.1969); Shakespeare v. Wilson, 40 F.R.D. 500, 504–505 (S.D.Cal.1966).

Whether the rule of *Price* should be this narrowly construed or not, showing state action requires something more than the conclusory allegations of conspiracy in plaintiff's complaint. A complaint containing no pleaded facts describing the conspiracy and the extent to which it connected the private citizen to the state is insufficient. Guedry v. Ford, 431 F.2d 660, 664 (5th Cir. 1970); Morgan v. Sylvester, 125 F.Supp. 380 (S.D.N.Y.1954), aff'd 220 F.2d 758 (2d Cir. 1955). See also Fletcher v. Hook, 446 F.2d 14 (3rd Cir. 1971).

It is therefore ordered that defendants' motion to dismiss the complaint be and it hereby is granted.