Eric R. EHN, Plaintiff,

v.

Elliot PRICE, Defendant.

No. 73 C 2978.

United States District Court,
N. D. Illinois, E. D.

Feb. 20, 1974.

Eric R. Ehn, pro se.

Philip F. Purcell and Gerald D. Mindell, of Isham, Lincoln & Beale, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the instant complaint.

This is an action seeking to redress the alleged deprivation of plaintiff's civil rights guaranteed by the United States Constitution. The plaintiff's complaint is somewhat obfuscated and at times conclusory without providing an adequate factual basis for such conclu-

sions. The factual basis of the complaint appears to be the following. Plaintiff was convicted of a crime in the Circuit Courts of the State of Illinois and was sentenced to a term of not less than three or more than ten years in the Illinois State Penitentiary. On or about September 19, 1972, defendant Elliot Price, an attorney in Chicago, was appointed by order of a state court to represent plaintiff for purposes of an appeal to the Illinois Appellate Court, First District. Apparently plaintiff's pending appeal has not been finally resolved by the Illinois Appellate Court and plaintiff attributes this failure to defendant's "tactics of delayment and unlawful illegal stalling" contrary to the Sixth and Fourteenth Amendments. Plaintiff has concluded, therefore, that he has been "wholly denied and refused assistance of competent counsel."

The defendant, in support of his motion to dismiss, contends that the Court does not have jurisdiction over the subject matter of the instant complaint * or in the alternative the complaint fails to state a claim upon which relief can be granted.

It is the opinion of this Court that both it lacks subject matter jurisdiction over the instant action and the plaintiff has failed to state a claim upon which relief can be granted.

## I. THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE COMPLAINT.

█ It is clear from the caption of this action that there is no diversity of citizenship between the parties since both plaintiff and defendant are residents of the State of Illinois. Absent the requisite diversity, jurisdiction may be conferred upon a federal court only if an essential element of plaintiff's claim alleged a federal question such as a deprivation of a right or immunity created by the Constitution or the laws of the United States. Campo v. Niemeyer, 182 F.2d 115 (7th Cir. 1950).

Federal jurisdiction could exist solely if the complaint is read to allege a deprivation by defendant of a constitutionally secured right, privilege or immunity by plaintiff cognizable under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985; therefore, jurisdiction could exist by reason of the jurisdictional counterpart to the Civil Rights Act, 28 U.S.C. § 1343.

█ However, 42 U.S.C. § 1985 applies to conspiracies and plaintiff does not allege or even intimate any conspiracy involving defendant. Section 1983 provides a civil remedy for the deprivation of constitutional and civil rights but only where the deprivation is alleged to have occurred solely and exclusively under "color of state law." See Duzynski v. Nosal, 324 F.2d 924 (7th Cir. 1963); Campo v. Niemeyer, *supra*; Huey v. Barloga, 277 F.Supp. 864 (N.D. Ill.1967). Section 1983 does not protect individuals against individual invasion of constitutional rights and the failure to allege that the conduct of the defendant which is the subject matter of the complaint was done under "color of state law" negates the existence of any jurisdictional basis under 28 U.S.C. § 1343. Campo v. Niemeyer, *supra*; Vance v. Robinson, 292 F.Supp. 786 (W.D.N.C. 1968); Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964).

Plaintiff does not allege that defendant was a public official or that his conduct was taken under color of state law. Nor does the fact that defendant was appointed as counsel for plaintiff on ap-

---

* Contrary to the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the plaintiff has not alleged either the jurisdictional basis for this action in this Court or the federal statutory basis for his complaint. Indeed, there are clear indications that plaintiff has intended jurisdiction over this action to be in the state courts of Illinois.

In paragraph 1 of his complaint the plaintiff moved "pursuant to . . . the Civil Practice Act and Rules of the Supreme Court" and apparently refers to the Illinois Civil Practice Act. His "Application to Proceed in Forma Pauperis" states that it is being filed pursuant to Illinois Supreme Court Rule 298.

peal by a state court make him an officer of the state for purposes of 42 U.S. C. § 1983. Brown v. Joseph, 463 F.2d 1046 (3rd Cir. 1972); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Vance v. Robinson, *supra*; Reinke v. Richardson, 279 F.Supp. 155 (E.D. Wis.1968).

Even if this Court were to assume that the plaintiff has been deprived of a constitutionally secured right, a liberal construction of the complaint fails to show the necessary requisites for subject matter jurisdiction in this Court.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Even if it could be assumed that the Court was vested with jurisdiction over the subject matter of this complaint, it is clear that plaintiff has failed to allege a claim upon which relief can be granted.

If plaintiff has any federally cognizable claim for relief, it must be pursuant to 42 U.S.C. § 1983 which provides a substantive civil remedy for the deprivation of constitutionally protected rights where the purported deprivation is alleged to have taken place exclusively under "color of state law". See Duzynski v. Nosal, *supra*; Campo v. Niemeyer, *supra*.

Section 1983 requires that two essential elements be satisfied to state a claim: (1) the deprivation of a constitutionally secured right, and (2) deprivation of such right under color of state law.

■■ The thrust of plaintiff's claim for damages against defendant is found in Paragraphs 2, 5 and 8 wherein the plaintiff seeks damages for defendant's "total incompetency" and prays for damages against defendant as "a deterrent to further ignorance and illegal neglect of his legal duties as an attorney at law, in the State of Illinois". This language reveals that plaintiff's alleged claim is for malpractice against his appointed counsel for a lack of diligence in prosecuting plaintiff's state appeal. Clearly, such a claim is not based upon a deprivation of a right secured under 42 U.S. C. § 1983 and appears to be no more than a tort claim for malpractice which, absent diversity of citizenship, should not be entertained in a federal district court. Fletcher v. Hook, 446 F.2d 14 (3rd Cir. 1971); Smith v. Clapp, 436 F. 2d 590 (3rd Cir. 1970); Vance v. Robinson, *supra*. Further, the fact that the defendant, a private attorney, was appointed as counsel for plaintiff on appeal does not make defendant's acts "under color of state law" for the purposes of 42 U.S.C. § 1983. Brown v. Joseph, *supra*; Mulligan v. Schlachter; *supra*; Vance v. Robinson, *supra*; Reinke v. Richardson, *supra*. Thus, for purposes of 42 U.S.C. § 1983, defendant's conduct amounts only to individual, private action and an attorney's individual invasion of a constitutional right fails to state a claim upon which relief can be granted by a federal district court. Sarelas v. Porikos, 320 F.2d 827 (7th Cir. 1963); Campo v. Niemeyer, *supra*.

On one hand if this Court were to allow a federal civil rights suit against a court appointed attorney from unsatisfied clients there would be a chilling effect upon a defense counsel's tactics. Defense counsel would be caught in a delicate conflict of protecting himself and representing his client.

Accordingly, it is hereby ordered that the defendant's motion to dismiss is granted.