Johnnie TASBY, Plaintiff,

v.

William L. PEEK, Defendant.

Civ. A. No. T–74–36–C.

United States District Court,
W. D. Arkansas,
Texarkana Division.

June 20, 1975.

Johnnie Tasby, pro se.

Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## MEMORANDAM OPINION

WILLIAMS, Chief Judge.

On June 3, 1974, the plaintiff, Johnnie Tasby, filed suit against the defendant,

William L. Peek, seeking $100,000 actual damages, $300,000 punitive damages and for reasonable attorneys fees and costs.

The Complaint was filed by Johnnie Tasby personally. He paid the $15.00 filing fee. He listed no licensed, enrolled or qualified attorney as being of counsel and no one has signed the pleading as an attorney representing Johnnie Tasby. Simultaneous with filing the complaint, the plaintiff filed a written demand for jury trial and a typewritten, signed "Certificate of Service" as follows:

> "One copy of the demand for jury trial was placed in the United States mail at the United States Penitentiary, Terry Haut, Indiana, on the 29th of April for delivery to William L. Peek, Attorney at Law, 700 Texas National Bank, Texarkana, Texas, 75501."

On August 6, 1974, the defendant, William Peek by his attorneys, Wright, Lindsey & Jennings filed a motion to dismiss the complaint:

FIRST—because any cause of action that could possibly have accrued was prior to March 27, 1970 when the jury returned its guilty verdicts against Tasby and would be barred by Ark.Stats. 37–206 (3 year statute of limitation); and

NEXT—because the complaint does not state facts sufficient to state a cause of action against William Peek.

The motion was supported by written briefs in compliance with the rules of this court.

On August 15, 1974 Johnnie Tasby filed an instrument styled "Response to Defendant's Motion to Dismiss."

No brief was filed in support of this "Response."

No positive action was taken on the matter in dispute because Tasby was before the court on several occasions after the complaint in this case was filed and

had, by oral statements, led the court to believe he intended to withdraw his complaint.

Finally, on May 13, 1975 the Judge of this Court wrote a letter to Mr. Tasby as follows:

---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
Post Office Box 1623

Paul X Williams    Fort Smith, Arkansas   72901
   Chief Judge

May 13, 1975

Mr. Johnnie Tasby, No. 27876–138
P. O. Box 33
United States Penitentiary
Terry Haute, Indiana   47808

Re: Johnnie Tasby v. Bill Peek
     U. S. District Court
     Texarkana Division
     No. T–74–C–36

Dear Sir:

When I talked to you at Texarkana sometime ago I understood you to say that it was your desire to dismiss the case you have pending against Bill Peek. If you desire to dismiss the case please notify me to that effect in writing so that there will be a record.

If you still desire to maintain the suit against Mr. Peek, please advise me so that the matter may be set for trial. A self addressed envelope is enclosed for your convenience and prompt reply.

Very truly yours,

/s/ Paul X Williams

cc: U. S. Clerk

---

To which letter the Court received the following reply:

---

Re: Tasby vs. Bill Peek
     T–74–36–C

6–23–75

Dear Judge Williams:

You may redocket the matter for trial. I notice on the docket sheet in which you withdrew this case. You had us listed under non-jury trial status. A motion for trial by jury has been submitted by me I'm sure, so I'm hoping that the court has not overlooked the motion.

Very truly yours,

/s/ Johnnie Tasby

Under the circumstances, it has become necessary for the Court to rule on the defendant's motion to dismiss.

■ The first thing that addresses itself to the Court's attention is that under Federal Rules Civil Procedure 8(c), a party is directed to set forth affirmatively the defense of limitations. Here, the motion to dismiss is pursuant to Rule 12. The Court finds that although the statute of limitations is designated in Rule 8(c) as an affirmative defense the current trend is to allow it to be raised by a motion to dismiss when the defect appears on the face of the complaint.

*Wilburn v. Pepsi* (8th Cir. 1974) 492 F.2d 1288 at page 1289 uses the following language in a per curiam order:

"Although the inclusion of dates in the complaint showing the action to be untimely rendered the complaint subject to dismissal upon motion, *see Kincholoe v. Farmer*, 214 F.2d 604 (7th Cir. 1954) cert. denied, 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721 . . . ."

To the same effect see the case of *Baker v. F & F Investment*, 420 F.2d 1191 (CA 7th 1970), cert. denied, 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49, wherein the Court said:

"Where a complaint reveals that some claims are barred from recovery by limitations, they may be disposed of on a motion to dismiss. *Kincheloe v. Farmer*, 214 F.2d 604, 605, 75 S.Ct. 306, 99 L.Ed. 721 (7th Cir. 1954) certiorari denied, 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721; *Anderson v. Linton*, 178 F.2d 304, 309–310 (7th Cir. 1949)".

In the case of *Partis v. Miller Equipment Co.*, D.C., 324 F.Supp. 898, affirmed, 439 F.2d 262 (6th Cir. 1971) the court held that the defense of limitation is properly raised by a motion to dismiss.

■■ In the case at bar the complaint was filed on June 3, 1974. The court takes judicial knowledge of the fact that the verdict of the jury finding Tasby guilty of kidnapping was returned in open court on March 27, 1970, more than 3 years earlier. The court further takes judicial notice of the fact that the defendant's services as attorney for plaintiff terminated on or before *October 12, 1970,* when Hon. John Hainen was appointed to represent Johnnie Tasby.

While not a part of the record in this case the appointment of Mr. Hainen was by the Court of Appeals for the 8th Circuit, after this Court had requested Mr. Hainen to serve as attorney for Tasby.

In either event a period of more than 3 years passed after the termination of the appointment of defendant, William Peek, and before complaint was filed against him in this case.

Having determined that more than 3 years elapsed, the next matter of concern is what statute of limitations applies to this set of facts.

■■ Here there is neither a written nor an oral contract of employment between plaintiff and defendant. Mr. Peek accepted the task of representing Tasby by appointment of the United States District Court under the Criminal Justice Act. Mr. Peek's professional conduct in representing Tasby is referred to by Judge Bright in the case of Tasby v. United States, 8 Cir., 451 F.2d 394 at page 399, where he used the following language:

" . . . and counsel for all of the defendants conducted themselves ably in the trial and appeal of this case."

This Court finds: that an attorney appointed under the Criminal Justice Act owes the same obligations to his client as though he had been orally employed by the client and would be liable for negligence or breach of legal duty as though he were orally employed by the client.

Having so found, the Court further finds that *Ark.Stats.* 37–206 is the applicable limitations statute and this case falls within the 4th provision which provides that "all actions founded on any

contract or liability, expressed or implied" shall be commenced within 3 years of the time when the cause of action occurred.

Therefore, the defendant's motion to dismiss should be granted since Tasby's Complaint was not timely filed.

■ Although the foregoing finding of untimeliness will dispose of this case, we deem it appropriate to add that the Court also finds that the complaint fails to state a cause of action against defendant within the jurisdiction of this court.

To appreciate the total lack of the statement of a cause of action, one needs only to read the language of the complaint. It alleges that Plaintiff confidentially gave information to Mr. Peek to use in making a defense to the charge of kidnapping—and that Mr. Peek used the information and made inquiry with a view to using the information for defense purposes, and then reaches the frivolous conclusion that such effort by Mr. Peek violated some duty he owed to plaintiff.

The duty of Mr. Peek was to represent Mr. Tasby in a prudent manner, which would require investigation into the truthfulness of information given to him by Tasby for use in making a defense. After inquiry he was obliged to use his best legal judgment concerning trial tactics. In this regard we again refer to the language of Judge Bright quoted above to the effect that "Counsel for all of the defendants conducted themselves ably in the trial and appeal of this case." And find that the Complaint should be dismissed on not only the first, but also the second contention of the defendant.

This case calls for further discussion:

Since jurisdiction of a United States District Court is required to appear and the Defendant has filed a motion to dismiss, we also look at the pleading originally filed by plaintiff to determine whether or not this District United States Court has jurisdiction. Even had the Defendant failed to file its motion to dismiss, Federal Rules Civil Procedure Rule 12(h)(3) provides:

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action".

■ A defect of subject matter jurisdiction never can be cured or waived by the consent of the parties—and the requirement of diversity cannot be waived by stipulation. *Mattson v. Cuyuna Ore Co.,* 180 F.Supp. 743 (D.C.Minn.1960).

Plaintiff's Complaint identifies Plaintiff as an individual, in the custody of the Attorney General of the United States, domiciled in the State of Indiana, at the United States Penitentiary in Terre Haute, Indiana.

The Complaint contains no allegation as to the citizenship of either Plaintiff or Defendant, but alleges that jurisdiction of the Court is founded on 28 U.S.C. § 1332, which is the diversity of citizenship statute.

We can not ascertain from the Complaint the status of the citizenship of either party and the Complaint would require amendment before the requisite allegations could possibly appear.

Since this court appointed Mr. Peek to serve as attorney for the plaintiff in the kidnapping case this court is aware that Mr. Peek was a citizen of Texas when he was appointed to represent the plaintiff and has been a citizen of Texas at all times since his appointment.

The Court is also aware that the plaintiff held himself out to be a citizen of Texas when the Court appointed Mr. Peek to represent him; and also at all times during the kidnap trial. However, it is possible that plaintiff may have changed his citizenship and would feel free to amend his Complaint to so allege.

■■ As the matter now stands it would be proper to dismiss the Complaint for lack of a statement of diversity; but such procedure would necessitate permission to amend, so the Court will delve more deeply into the Com-

plaint to determine whether or not there is subject matter jurisdiction.

In Christner v. Poundre Val. Co-op Ass'n., 134 F.Supp. 115, (D.C.Colo.1955) the court said that:

"It is fundamental that [federal District Court] is one of limited jurisdiction and that its jurisdiction in particular case must affirmatively appear if it is to be exercised. 28 U.S.C.A. §§ 1331, 1332, 1337, 1343, 1345, 1355, 1653."

The case of Eric R. Ehn v. Elliot Price (Ill.1974), 372 F.Supp. 151 is remarkably similar to this case as to facts. In that case where an indigent prisoner sued his appointed attorney for damages for malpractice, the District Judge in dismissing the prisoner's complaint used the following language:

"The defendant, in support of his motion to dismiss, contends that the Court does not have jurisdiction over the subject matter of the instant complaint or in the alternative the complaint fails to state a claim upon which relief can be granted.

"It is the opinion of this Court that both it lacks subject matter jurisdiction over the instant action and the plaintiff has failed to state a claim upon which relief can be granted.

THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE COMPLAINT.

"It is clear from the caption of this action that there is no diversity of citizenship between the parties since both plaintiff and defendant are residents of the State of Illinois. Absent the requisite diversity, jurisdiction may be conferred upon a federal court only if an essential element of plaintiff's claim alleged a federal question such as a deprivation of a right or immunity created by the Constitution or the laws of the United States. *Campo v. Niemeyer,* 182 F.2d 115 (7th Cir. 1950).

"Federal jurisdiction could exist solely if the complaint is read to allege a deprivation by defendant of a constitutionally secured right, privilege or immunity by plaintiff cognizable under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985; therefore, jurisdiction could exist by reason of the jurisdictional counterpart to the Civil Rights Act, 28 U.S.C. § 1343.

"However, 42 U.S.C. § 1985 applies to conspiracies and plaintiff does not allege or even intimate any conspiracy involving defendant. Section 1983 provides a civil remedy for the deprivation of constitutional and civil rights but only where the deprivation is alleged to have occurred solely and exclusively under 'color of state law.' *See Duzynski v. Nosal,* 324 F.2d 924 (7th Cir. 1963.) *Campo v. Niemeyer,* supra; *Huey v. Barloga,* 277 F.Supp. 864 (N.D.Ill.1967). Section 1983 does not protect individuals against individual invasion of constitutional rights and the failure to allege that the conduct of the defendant which is the subject matter of the complaint was done under 'color of state law' negates the existence of any jurisdictional basis under 28 U.S.C. § 1343. *Campo v. Niemeyer,* supra; Vance v. Robinson, 292 F.Supp. 786 (W.D.N.C. 1968); *Pugliano v. Staziak,* 231 F. Supp. 347 (W.D.Pa.1964).

"Plaintiff does not allege that defendant was a public official or that his conduct was taken under color of state law. Nor does the fact that defendant was appointed as counsel for plaintiff on appeal by a state court make him an officer of the state for purposes of 42 U.S.C. § 1983. *Brown v. Joseph,* 463 F.2d 1046 (3rd Cir. 1972); *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968); *Vance v. Robinson,* supra; *Reinke v. Richardson,* 279 F.Supp. 155 (E.D.Wis.1968).

"Even if this Court were to assume that the plaintiff has been deprived of a constitutionally secured right, a liberal construction of the complaint fails to show the necessary requisites for subject matter jurisdiction in this Court.

## PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"Even if it could be assumed that the Court was vested with jurisdiction over the subject matter of this complaint, it is clear that plaintiff has failed to allege a claim upon which relief can be granted.

"If plaintiff has any federally cognizable claim for relief, it must be pursuant to 42 U.S.C. § 1983 which provides a substantive civil remedy for the deprivation of constitutionally protected rights where the purported deprivation is alleged to have taken place exclusively under 'color of state law'. See Duzynski v. Nosal, supra; Campo v. Niemeyer, supra.

"The thrust of plaintiff's claim for damages against defendant is found in Paragraphs 2, 5, and 8 wherein the plaintiff seeks damages for defendant's 'total incompetency' and prays for damages against defendant as 'a deterrent to further ignorance and illegal neglect of his legal duties as an attorney at law, in the State of Illinois'. This language reveals that plaintiff's alleged claim is for malpractice against his appointed counsel for a lack of diligence in prosecuting plaintiff's state appeal. Clearly, such a claim is not based upon a deprivation of a right secured under 42 U.S. C. § 1983 and appears to be no more than a tort claim for malpractice which absent diversity of citizenship, should not be entered in a federal district court. Fletcher v. Hook, 446 F. 2d 14 (3rd Cir. 1971); Smith v. Clapp, 436 F.2d 590 (3rd Cir. 1970); Vance v. Robinson, supra. Further the fact that the defendant, a private attorney, was appointed as counsel for plaintiff on appeal does not make defendant's acts 'under color of state law' for the purposes of 42 U.S.C. § 1983. Brown v. Joseph, supra; Mulligan v. Schlachter, supra; Vance v. Robinson, supra; Reinke v. Richardson, supra. Thus, for purposes of 42 U.S.C. § 1983, defendant's conduct amounts only to individual private action and an attorney's individual invasion of a constitutional right fails to state a claim upon which relief can be granted by a federal district court. Sarelas v. Porikos, 320 F.2d 827 (7th Cir. 1963); Campo v. Niemeyer, supra.

"On one hand if this Court were to allow a federal civil rights suit against a court appointed attorney from unsatisfied clients there would be a chilling effect upon a defense counsel's tactics. Defense counsel would be caught in a delicate conflict of protecting himself and representing his client.

"Accordingly, it is hereby ordered that the defendant's motion to dismiss is granted."

This language is peculiarly appropriate to the case at bar and sets forth additional reasons why this case should be dismissed for lack of jurisdiction.

It is the opinion of the Court that for each and all of the reasons herein before stated the Complaint of the plaintiff should be dismissed.

The Clerk will prepare a separate order dismissing the Complaint of plaintiff.